### W. J. McKie v. John P. Anderson.

No. 2884.

1. **Landlord and Tenant—Ejectment by Landlord.**—In an action of ejectment it is sufficient for a landlord who is suing his tenant to produce his lease, and that estoppel closes the mouth of the defendant to call his title in question. As a general rule a tenant can not dispute his landlord's title, but where it is the purpose of the action not only to recover possession but to establish title or to have partition, where the decree sought will not only give possession of the land but by estoppel settle the title to it, the rule does not apply, and in such case the defendant may prove that he owns the superior title.

2. **Same—Practice.**—When in trespass to try title the plaintiff proves that the defendant had attorned to him and had not subsequently surrendered the possession, it devolves upon the defendant to prove a superior title with which he is connected.

3. **Certificate of Acknowledgment — Registration.** — A certificate that "this day personally appeared Jacob Presley to be the person whose name is subscribed to the foregoing instrument and acknowledged," etc., does not conform to articles 4309 and 4312, Revised Statutes, and is fatally defective.

Appeal from Navarro. Tried below before Hon. Sam. R. Frost.

The opinion states the case.

*Reed & Greer* and *J. S. Callicutt,* for appellant.— 1. A tenant is estopped from disputing the title of his landlord while remaining in possession of the rented premises, although his term of tenancy has expired. He must repudiate his tenancy and give his landlord notice of the fact, and deliver to him the possession of the rented premises. Harwood v. Wylie, 70 Texas, 538; Andrews v. Parker, 48 Texas, 94; Flanagan v. Pearson, 61 Texas, 302; Juneman v. Franklin, 67 Texas, 411; Jackson v. Harper, 5 Wend., 248; Failing v. Scheck, 3 Hill, 344; Udell v. Peak, 70 Texas, 547; Lucas v. Brooks, 18 Wall., 436; Newton v. Rowe, 33 Ga., 163; McConnell v. Bowdry's Heirs, 4 Mon., 400; dissenting opinion by Judge Sawyer in Tewksberry v. Magraff, 33 Cal., 249; Wood's Land. and Ten., 236, *et seq.;* Bige. on Estop., 39, 395, 405, and cases cited.

2. That a tenant did not receive the possession of the rented premises from his landlord, or that he was in possession at the time of the lease, does not constitute one of the exceptions allowing a tenant to dispute his landlord's title. He may set up the title of landlord which he has bought in a sale under execution against his landlord. Tyler v. Davis, 61 Texas, 674; Casey v. Hanrick, 69 Texas, 44; Franklin v. Hurlbert, 1 Ct. App. C. C., sec. 816; Haskins v. Bigham, 1 Ct. App. C. C., sec. 1027; Levine v. Lindenthall, 1 Ct. App. C. C., sec. 1050; Allen v. Thompson, 2 Ct. App. C. C., sec. 106; Peyton v. Smith, 5 Pet., 485; 4 Wait's Act. and Def., 259; Bige. on Estop., 370; Herm. on Estop., secs. 360, 361.

3. A tenant who has bought up an outstanding title is not entitled to notice to quit the premises before suit can be brought by the landlord for possession of the premises, and trespass to try title is the proper form of action. Thurber v. Conners, 57 Texas, 96; Tyler v. Davis, 61 Texas, 674; McShan v. Meyers, 1 Posey's U. C., 100; Casey v. Hanrick, 69 Texas, 44.

4. To entitle a deed to record it must be duly acknowledged, and the officer must state in his certificate of acknowledgment that the person whose name is signed as grantor is known to him or that he was in some way made known to him. Rev. Stats., art. 4309; Watkins v. Hall, 57 Texas, 4; Huff v. Webb, 64 Texas, 284; Poole v. Jackson, 66 Texas, 380; Davis v. Agnew, 67 Texas, 206.

5. The authorities are uniform in the proposition that a tenant is estopped from denying the title of his landlord, and from setting up an outstanding title which he has purchased when the tenant was not himself in possession of the premises at the time of the lease, and that he was not a part owner of the premises. He is permitted to do so only in cases of fraud, misrepresentation, and mistake, and where there is a well grounded fear of eviction. Gallagher v. Bennett's Heirs, 38 Texas, 292; Lyles v. Murphy, 38 Texas, 75; Camley v. Stanfield, 10 Texas, 547; Tewksberry v. Magraff, 33 Cal., 249; Runnell v. Doty, 4 Cow., 576; Everton v. Sawyer, 2 Wend., 507; Sharp v. Kelley, 5 Denio, 431.

No brief for appellee reached the Reporter.

HENRY, Associate Justice.—This was an action of trespass to try title and for partition.

Appellant as plaintiff claimed one-fourth interest in one tract containing 320 acres and one-half of the remainder of a 536 acres tract after the undefined homestead of 200 acres belonging to the defendant should be taken out.

The defendant pleaded not guilty.

The plaintiff in support of the issue upon his part introduced in evidence a written lease of the land made by him and accepted by the defendant on the 1st day of September, 1883.

The defendant introduced in evidence a chain of title down to himself for the interest claimed by plaintiff, acquired subsequent to the date of the lease and while he was still in possession of the land.

The evidence showed that he lived on and was in possession of the 537 acres tract when he accepted the lease.

The appellant complains of the action of the court in permitting the defendant to introduce in evidence a title acquired by himself while occupying the land as a tenant in derogation of his landlord's title, and also that the court erred in charging the jury in substance, "that if they found that the defendant was in possession of and part owner of the premises in controversy at the time of taking the lease from the plaintiff McKie, then he would not be estopped from showing a superior outstanding title in himself."

It has been more than once said by this court that in order to enable a landlord to recover possession from his tenant he is not compelled to resort to the action of forcible entry and detainer, but that he may sue in the District Court and recover the possession of the land there. Juneman v. Franklin, 67 Texas, 411; Tyler v. Davis, 61 Texas, 674.

It has always been held that in the action of ejectment it is sufficient for a landlord who is suing his tenant to produce his lease, and that estoppel closes the mouth of the defendant to call his title in question.

It has been held by this court that as a general rule a tenant can not dispute his landlord's title. Tyler v. Davis, 61 Texas, 674.

When limited to an action for the possession alone of the land there can be no question about the application of the doctrine. But when it is the purpose of the suit not only to recover possession but to establish title or to have partition, where the decree sought will not only give possession of the land but by estoppel settle the title to it, the rule does not apply. The tenant is estopped while he holds that relation from disputing his landlord's right of possession. Before doing that he should, in the language of Chief Justice Willie in the case of Juneman v. Franklin, *supra,* "give up the advantage he derived from the tenancy by being let into

possession in order to remove the estoppel to which he was subjected."

As the plaintiff in this case did not so limit his pleading that a judgment in his favor would have been evidence of nothing but his right to the possession of the land, but on the contrary made the issues of title and partition, so that a decree in his favor would have settled the question of title between him and the defendant, we think it was the right of the defendant to prove that he owned the superior title to the land, without regard to the question whether he was in or out of possession when he attorned to plaintiff.

When plaintiff proved that the defendant had attorned to him and had not subsequently surrendered the possession, we think that it then became incumbent upon the defendant to prove a superior title with which he was connected in order to defeat plaintiff's recovery.

This he attempted to do, and accomplished unless one of the deeds in his chain of title was improperly recorded on account of a vice in the certificate of acknowledgment. The clause of the certificate in which the defect occurs reads: "This day personally appeared Jacob Presley to be the person whose name is subscribed to the foregoing instrument and acknowledged," etc.

Article 4309 of the Revised Statutes provides that "No acknowledgment of any instrument of writing shall be taken unless the officer taking it knows or has satisfactory evidence on the oath or affirmation of a credible witness, which shall be noted in his certificate, that the person making such acknowledgment is the individual who executed and is described in the instrument."

The form of the certificate given in article 4312 of the Revised Statutes prescribes the use of the words "known to me" or the words "proved to me on the oath of ———," to show the required fact.

The officer who made the certificate in question was evidently using the form prescribed, and to make his certificate comply with the statute it was necessary for him to use the appropriate expression included in the above quotations; but he failed to use either, and there is nothing in the certificate to show which expression he intended to use nor to show by which of the two methods he had knowledge of the identity of the grantor.

We think the omission rendered the certificate fatally defective, and that error was committed in permitting the deed to be read as a recorded instrument.

We do not think that the evidence disclosed any such relationship of plaintiff to Jacob Presley as would authorize him to contest as fraudulent the deed from Presley to Read, and therefore we do not consider the assignments upon that subject.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered October 17, 1890.