SOUTHWESTERN CASUALTY INS. CO. v. HEISTERMAN. (No. 319.)

(Court of Civil Appeals of Texas. El Paso. May 21, 1914. Rehearing Denied June 18, 1914.)

1. APPEAL AND ERROR (§ 664*)—RECORD—CONFLICT BETWEEN BILL OF EXCEPTIONS AND AGREED STATEMENT OF FACTS.

Where the bill of exceptions stated that evidence, the admission of which was assigned as error, was admitted upon a witness' redirect examination, while the agreed statement of facts disclosed that it was developed upon his cross-examination, the agreed statement controlled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2856–2859; Dec. Dig. § 664.*]

2. APPEAL AND ERROR (§ 882*)—REVIEW—INVITED ERROR.

Defendant could not complain of the admission of testimony developed in response to questions propounded by its counsel on his cross-examination of plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

Appeal from Reeves County Court; H. N. McKellar, Judge.

Action by Herman Heisterman against the Southwestern Casualty Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Ross & Hubbard, of Pecos, and Jno. F. Onion and Jno. F. Onion, Jr., both of San Antonio, for appellant. Hefner & Cooke, of Pecos, for appellee.

HIGGINS, J. Heisterman brought this suit to recover an indemnity alleged to have accrued upon an accident insurance policy issued by appellant. The policy insured against loss resulting from bodily injuries caused by accidental means. On July 4, 1912, appellee sustained a fracture of his right leg, and he sought recovery of the indemnity stipulated for time lost, also for 12 per cent. additional as damages, together with an attorney's fee and for an unearned portion of the premium paid.

[1] Error is first assigned to the admission of certain testimony of Heisterman. The bill of exception states that it was admitted upon Heisterman's redirect examination as a witness in his own behalf and in response to questions propounded to him by his counsel. The agreed statement of facts, however, discloses that the evidence was developed upon his cross-examination by defendant's counsel. In case of a conflict between the bill and the agreed statement of facts, the latter controls. Railway Co. v. Jones, 118 S. W. 759; Helsley v. Moss, 52 Tex. Civ. App. 57, 113 S. W. 599; Railway Co. v. Montgomery, 139 S. W. 885; Cohen v. Rittimann, 139 S. W. 59.

[2] Since the statement of facts discloses the testimony to have been developed in response to questions propounded by appellant's counsel, it cannot complain that it was improper.

We have examined the evidence and the jury's findings upon the special issues submitted and have reached the conclusion that the findings are supported by the evidence and that they are not subject to the objections urged, and further that, upon the facts found, judgment was properly rendered in appellee's favor. The three remaining assignments are therefore overruled; the court being of the opinion that, as we understand the same, they are without merit.

Affirmed.