CHILDRESS et al. v. CROW. (No. 1612.)

(Court of Civil Appeals of Texas. Texarkana. April 4, 1916. Rehearing Denied April 13, 1916.)

TRIAL ⊂⇒169—DIRECTING VERDICT.
The evidence failing to raise any issue of fact requiring submission to the jury, a peremptory instruction was proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 341, 381–387, 389; Dec. Dig. ⊂⇒169.]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by A. W. Childress and others against George W. Crow. Judgment for defendant, and plaintiffs appeal. Affirmed.

Wear & Frazier and J. J. Averitte, all of Hillsboro, and Dean, Humphrey & Powell, of Huntsville, for appellants. Walter Collins, B. Y. Cummings, and Morrow & Morrow, all of Hillsboro, for appellee.

LEVY, J. This suit was brought by appellants against appellee to cancel a deed executed to appellee by John S. Childress on July 25, 1912. The petition alleges that there was want of mental capacity in John S. Childress at the time of the execution of the deed, and that there was undue influence to secure the execution of the deed to George W. Crow.

The evidence is the same as it was upon the trial at which the judgment first appealed from was rendered. Upon that appeal the evidence was fully stated and considered, and the conclusion reached that the verdict of the jury, involving the finding of want of

mental capacity of the grantor, and that the deed was the product of undue influence, was against the weight of the evidence. Crow v. Childress, 169 S. W. 927. It is unnecessary for us to reiterate the evidence. The evidence in the present appeal shows that on July 25, 1912, John S. Childress executed a deed, intending that it should be a deed, conveying to his nephew, George W. Crow, all of his undivided interest in certain lands owned as heir of Elizabeth Batson, deceased. At the time the deed was executed the grantor, John S. Childress, was, in point of fact, of sound mind, and knew and understood that he was disposing of his property to his nephew, the grantee. There was not, in point of fact, any undue influence exercised by and on behalf of appellee upon John S. Childress to induce him to execute the deed in question. It is concluded that the evidence failed to raise any issue of fact requiring the submission of the case to the jury, and therefore the court did not err in giving a peremptory instruction. The evidence utterly failed to show, we think, that John S. Childress at the time of executing the deed was mentally incapacitated to execute a deed, or that undue influence was exercised upon him in the execution thereof. Berry and Wife v. Brown, 148 S. W. 1117; Helsley v. Moss, 52 Tex. Civ. App. 57, 113 S. W. 599.

The judgment is affirmed.