## HUMBLE OIL & REFINING CO. v. MANZIEL et al.

### No. 6148.

Court of Civil Appeals of Texas. Texarkana.

Feb. 20, 1945.

Rehearing Denied March 22, 1945.

See, also, 165 S.W.2d 909.

Jones & Jones, of Mineola, and Dillard Baker, Robert F. Higgins, Rex G. Baker, and R. E. Seagler, all of Houston, for appellant.

Pollard & Lawrence, of Tyler, for appellees.

WILLIAMS, Justice.

Appellees, the heirs of L. H. Reese and those claiming mineral interests under them, plead a trespass to try title in statutory form and specifically title under the ten years' statute of limitation Article 5510 Rev.Civ.St., and therein describe a 0.52-acre parcel of land, somewhat triangular in shape, out of the Geo. Brewer 1280-acre survey in Wood County. Appellant, Humble Oil & Refining Company, the sole defendant below, answered with a plea of not guilty. Trial to a jury resulted in a judgment in favor of appellees.

The plat prepared by Grothaus to represent the result of his recent surveying upon the ground, introduced in evidence as plaintiffs' Exhibit No. 25, will not permit a legible copy to be made of all points and lines to which a large amount of the

150

voluminous surveying evidence relates. Such portion of above plat pertinent to the issues to be discussed follows:

west corner of the 73½-acre tract described in deed from Wells to Brown to lie at the point "H".

2715.5 vrs.

1344 vrs.

1371.5 vrs.

S 0° 24' W 2726.5 vrs.

North

H

K

2726.5 vrs.

1344

1390.5

2734.5

Point "H" according to Grothaus is located in "about the center" of a north-south public road and about 124 varas north of where it turns to the southeast. Point "K" is located 478.2 varas south of "H". After eliminating a bulge in a fence on the west, the shaded area represents, according to Grothaus, the location in the survey of the land sued for.

In response to special issue No. 2, reading, "Do you find the line dividing the East and West halves of the Geo. Brewer survey to lie along the line marked 'H–K' on plaintiffs' Exhibit No. 25?" the jury answered "Yes." The jury also found that the east boundary line of the land of Beulah Hargett as called for by deeds to her to coincide with the line marked "H–K"; and that the location of the north-

The land sued for is described in plaintiffs' first amended original petition as follows:

" * * * Beginning at a point in the East edge of the Hawkins and Pine Mills road about 603 vrs., North of the North line of the Hawkins townsite;

"Thence South 87 deg. West at 22.7 vrs, past fence corner on the westerly side of said road and continuing 64.2 vrs. in all to a fence corner, the southwest corner of Reese tract of land;

"Thence with the Reese and Blackburn fence as follows. North 25 deg. 48 min. East 23.4 vrs; North 9 deg. 53 min. East 53 vrs; and North 19.6 vrs to a point in the westerly edge of said road;

"Thence East 7.7 vrs. to a point in said road;

"Thence South 22 deg. 33 min. East 97 vrs with said road to the place of beginning, and containing 0.52 acres * * *".

The land to which plaintiffs were decreed the title and possession is described in the judgment as follows: " * * * Beginning 22.7 varas, N. 87 deg. E of the NE fence corner on the J. E. Green tract acquired from Nancy Golightly et vir, as presently occupied, at a point in the Pine Mills-Hawkins road, about 603 vrs. N of the N line of the Hawkins townsite; Thence N. 22 deg. 33 min. W., 97 vrs. to a stake for corner; Thence W 15.6 varas, a stake for corner; Thence S. 0 deg. 24 min., W 92.82 varas to an intersection with the fence on the North side of the said J. E. Green tract, as presently occupied; Thence North 87 deg. E. 39.4 varas to the place of beginning;"

The judgment does not contain a recital of the acreage so awarded.

The call of 39.4 varas for the south boundary line will not permit closure of the tract if effect be given to the call of 15.6 varas for the north boundary line, for 56.1 varas instead of 39.4 varas would be required for closure. Such extension to 56.1 varas for closure would include a strip of land west of the line "HK", and would be contrary to the jury's finding as to line "HK". Such extension would embrace land on the west which is clearly without the area described in plaintiffs' pleadings, and contrary to any evidence which placed the west line that far west. The call for 15.6 varas on the north and the call for 39.4 varas on the south cannot be reconciled with the calls for course and distance of the other two lines. The judgment will be reversed because, as stated in 41 T.J. (Trespass to Try Title) pp. 682, 683, applicable under above facts, it awards land (if the south boundary line is extended for closure) "which is not described in the petition." The description is not such "as to enable the sheriff, in the execution of the writ of possession (without the exercise of judicial functions) to put the plaintiffs in possession of a particular parcel." See also 7 T.J. (Boundaries) Sec. 94.

The Brewer Survey was partitioned prior to 1871 among the four Brewer children into four quarters. It is readily apparent from the evidence that the partition of the Brewer Survey was the result of an office survey and that neither a division line between the east and west halves nor a division line between the north and south halves was actually run or located upon the ground. It is without dispute that the 0.52-acre tract described in plaintiffs' pleadings is within the field notes description of the 73½-acre tract conveyed in 1892 by Wells to J. A. Brown, and from the latter in 1910 to L. H. Reese, and that this 73½-acre tract is out of the northeast quarter of the survey, that quarter received by Bettie Brewer in the partition.

The call for distance of each of the boundary lines of the survey made in 1841, patented to the heirs of Geo. Brewer in 1850, is 2688 varas. There is to be found no evidence of any witness tree at the corners called for in the patent. All of the surveying testimony with respect to recent surveys measure a gain in each of above calls for distance. Surveyors Alexander and Rest, witnesses offered by defendant, who established the lines as a result of creek crossing calls, measure the distance between the northwest corner and the northeast corner of the survey as established by each of them to be 2725.6 varas and 2722.5 varas, respectively. Grothaus shows such distance to be 2715.5 varas as a result of his survey. The three surveyors are in agreement as to the location of the northeast corner of the Brewer Survey, but Grothaus located the west boundary line approximately 11 varas east of the west boundary line as established by above surveyors.

According to the surveying testimony of Alexander, the tract described in the petition is located in the leasehold estate of defendant and in the northwest corner of the survey. Under Rest's measurements of the survey, the middle dividing line between the two halves would be located 17.25 varas east of line "HK". If effect be given to either of above surveys or if effect be given to the testimony of Grothaus only, offered by plaintiffs in support of a recovery, the findings of the jury that the line "HK" on plaintiffs' Exhibit No. 25 is located on a line "dividing the East and West halves of the survey" is without support in the evidence.

According to the evidence given by Grothaus and his plat, he has located such division line 1344 varas from his northwest corner and 1371.5 varas from his northeast corner, a variance between the halves of 27.5 varas. In 11 C.J.S., Boundaries, § 124, it is stated:

"Where a tract of land is subdivided and is subsequently found to contain either more or less than the aggregate amount called for in the surveys of the tracts within it, the proper course is to apportion the excess or deficiency among the several tracts. * * *

"On a line of the same survey, and between remote corners, the whole length of which is found to be variant from the length called for, it is not to be presumed that the variance was caused from a defective survey of any part, but it must be presumed, in the absence of circumstances showing the contrary, that it arose from imperfect measurement of the whole line, and such variance must be distributed between the several subdivisions of the line in proportion to their respective lengths."

This rule reaffirmed and applied in Great Plains Oil & Gas Co. v. Foundation Oil Co., 137 Tex. 324, 153 S.W.2d 452, and cases therein cited, when applied to the survey of Grothaus would locate the division line between the halves 13.75 varas east of line "HK".

Under Point 1, which substantially controls the disposition of Points 2 to 6, inclusive, appellant asserts that when above rule is applied to the surveying testimony with respect to creek crossings called for in the patent and as found on the north and south boundary lines of the Geo. Brewer Survey, that the dividing lines between the east and west halves would, under the evidence, as a matter of law locate the area in suit within the northwest quarter of the survey. When the surveying evidence with respect to creek crossings given by defendant's surveyors is considered with that of plaintiffs' surveyor, which is conflicting, we would be unwarranted to locate as a matter of law the line urged by defendant.

The findings of the jury in favor of plaintiffs under the ten years' statute of limitation is without support in the evidence if predicated upon actual possession by plaintiffs or those under whom they claim. It has never been cultivated, fenced or cleared. It is situated in a swag or drain. A portion, its extent not definitely shown, has been used for roads which ran in a north-south, a north-southeasterly, and a north-southwesterly direction. This record reflects the same character and location of the area with respect to fences and roads as discussed in Humble Oil & Refining Co. v. Manziel, Tex.Civ.App., 165 S.W.2d 909, on a former appeal which involved an action for injunctive relief. Constructive possession of the area in controversy grounded on the possession and uses made of portions of the 73½ acres by plaintiffs' predecessor in title depends upon the location of the west boundary line of the 73½-acre tract, here urged by plaintiffs to be along the line "HK".

Under the evidence here presented, the element of acquiescence of a common boundary line is not raised. We pretermit a further discussion of the surveying evidence, for to do so will unduly prolong this opinion and serve no useful purpose in an understanding of the conclusions reached.

The judgment will be reversed and the cause remanded.