MANZIEL et al. v. HUMBLE OIL &
REFINING CO.
No. 6387.

Court of Civil Appeals of Texas. Texarkana.
Sept. 30, 1948.

Rehearing Denied Oct. 21, 1948.

Pollard, Lawrence, Blackburn, Reeves & Jarrel, of Tyler, and W. H. Barnes, of Terrell, for appellants.

Robert F. Higgins, of Houston, and Jones & Jones, of Mineola, for appellee.

WILLIAMS, Justice.

Appellants, the heirs of L. H. Reese and those claiming mineral interests under them, plaintiffs below, pleaded a trespass to try title in statutory form and specifically title under the ten years' statute of limitation, art. 5510, R.C.S. of Texas, and therein described a 0.52 acre parcel of land, somewhat triangular in shape, out of the ,Geo. Brewer 1280 acre survey in Wood County. This is the second appeal of the case, the disposition of the former being reported in Humble Oil & Refining Co. v. Manziel, Tex.Civ.App., 187 S.W.2d 149. This second trial was heard upon the identical evidence that was introduced in the former, and under the same pleadings. Appellants hold to the same theory of boundary they as plaintiffs presented at the first trial and in the appeal therefrom, namely, that the line "HK" as laid down on plaintiffs' exhibit No. 25, represented a section of the division line between the east half and the west half of the Brewer survey. The location of the land in controversy with respect to the asserted location of line "HK" is reflected in a plat set out in the former opinion. At the conclusion of the evidence, the court concluded that Humble Oil & Refining Company, the defendant, was entitled as a matter of law to a verdict in its favor, granted the motion of defendant and instructed the jury to return a verdict accordingly.

Under the points presented, appellants assert that the evidence as to the location of the land sued for, the triangle, with reference to the East-West division line of the Brewer survey was conflicting and raised an issue for the jury; that the undisputed evidence definitely established the boundaries of the land sued for and established actual possession and title in them. The matter involved under above points was presented by plaintiffs under counterpoints on the former appeal and there decided adversely to their contentions. "The general rule is that the decision of an appellate tribunal on appeal, unless clearly erroneous, is binding upon a subsequent appeal of the same case to the same court" upon the same evidence and under the same pleadings. 3 T.J., p. 1340, Sec. 941. The law of this case stated under above stated principle is applicable to this appeal and by virtue of the holdings in the former opinion the judgment of the district court is affirmed. 3 T.J., p. 1342, Sec. 942. Childress v. Crow, Tex.Civ.App., 185 S.W. 414; Maxcy v. Norsworthy, Tex.Civ.App., 49 S.W.2d 885; Bower v. Yellow Cab Co., Tex.Civ.App., 35 S.W.2d 519.

This court on the former appeal concluded from the identical evidence here presented that a jury finding in plaintiffs' favor under the asserted ten years' statute of limitation grounded upon actual possession was without support in the evidence; and their asserted constructive possession of the area described in their petition grounded on the possession and uses made of portions of the 73½ acres by plaintiffs' predecessor in title depends upon the location of the west boundary line of the 73½ acres as then and now urged to be along the line "HK". The burden of proof rested upon plaintiffs to establish the triangle in the northeast corner of the survey, 7 Tex.Jur. p. 213, Sec. 65, to which their true or record title was limited, it being without dispute that the 73½ acres which includes the described triangle is out of the northeast quarter of the survey. This, for the reasons stated in the former opinion, plaintiffs failed to establish. The conclusion expressed in the former opinion after an exhaustive study of the record is reaffirmed.

The judgment of the trial court is affirmed.