### MARTIN v. SMITH et al.
### No. 4655.

Court of Civil Appeals of Texas.
El Paso.

Jan. 25, 1950.

Rehearing Denied March 1, 1950.

John L. Dodson, Brian Montague, both of Del Rio, for appellant.

John Kelley, Houston, Alfred E. Creigh, Jr., Alpine, for appellees.

SUTTON, Justice.

The suit in trespass to try title was brought by Nowery J. Smith against the appellant, John Martin, and numerous other defendants to recover six surveys of land situated in Terrell County. Martin filed a cross-action against Nowery J. Smith and C. T. Smith for specific performance of a contract of sale based upon the provisions of a lease contract between Martin and C. T. Smith, which contract was alleged to have been made between Martin and Smith, acting through his agent A. E. Creigh, Jr.

Martin and another defendant were personally served with citation; some six or eight others, non-residents, were served with notice to serve non-residents, and the remaining defendants were served by publication.

At the conclusion of the evidence the trial court instructed a verdict against Martin on his cross-action. The court also

instructed a verdict in favor of Nowery J. Smith for the title and possession of a two-thirds interest in one section sued for, and submitted an issue of limitation on the part of Nowery J. Smith under the ten-year statute, Vernon's Ann.Civ.St. art. 5510, as to a 23/24ths interest in the other five sections. The verdict was favorable to Smith and upon the instructions and verdict judgment was rendered in favor of Nowery J. Smith for the interests indicated. From that judgment John A. Martin alone has appealed.

The lands were described in plaintiff's petition by abstract, certificate, survey and block numbers, Original grantee County and as containing 640 acres each. Each survey was further described by field notes, giving to each side 1900.8 varas.

In the issue submitting plaintiff's claim of title by limitation and in the judgment the lands were described by Abstract, Certificate, Survey, Original Grantee, County of Terrell and as containing 628, 589, 628, 580 and 109 acres respectively.

The lands in Martin's lease and his cross-action were described as in the special issue and judgment.

 Martin has twenty-one points of error and his position in the case might be easily overlooked and misunderstood. As we have already noted he took possession of the lands as the tenant of C. T. Smith under a written lease between himself and Smith, which lease he introduced in evidence. C. T. Smith is the predecessor in title of Nowery J. Smith. Martin attorned to Nowery J. Smith. Martin did not deny nor dispute the title of Nowery J. Smith which he might not do as the tenant of Smith, but sought only to acquire his title by virtue of a claimed contract to purchase the same. The court determined that issue against Martin and instructed a verdict against him on his cross-action. The verdict was instructed on the theory Martin had failed to establish any memorandum in writing sufficiently definite and certain in its terms to constitute under the statute of frauds a contract for the sale of real estate susceptible of being specifically enforced.

In this conclusion we concur. A series of letters passing between the parties are relied upon as constituting the memorandum, but a careful search of the letters fails to disclose any description of the lands involved, or any reference to any other writing by which the lands may be identified. This is essential to comply with the statute, Art. 3995, Sec. 4, Vernon's Civil Stats.

"Written memorandum must contain the essential terms of a contract expressed with certainty, and no part of such contract is more essential than the description by which the subject matter thereof is to be identified." Smith v. Griffin, 131 Tex. 509, 116 S.W.2d 1064, 1066(T).

"The writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty." Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150, 152(T); Osborne v. Moore, 112 Tex. 361, 247 S.W. 498(T).

 As has already been noted the relationship of landlord and tenant existed between Martin and Smith. When this relationship was shown to exist, as against Martin, plaintiff was entitled to recover unless Martin could prove a superior title with which he was connected. McKie v. Anderson, 78 Tex. 207, 14 S.W. 576, loc. cit. 577. Martin did not claim title, but as we have pointed out, only sought to acquire the title Smith had.

When plaintiff rested his case Martin read to the jury his lease contracts, concerning which he had just been questioned, and then orally moved as follows: "We desire to move at this time for judgment on the Plaintiff's case and the lease contracts which have been offered in evidence." The motion was denied and Martin predicates a point on that action of the court and argues it is elementary in a case of trespass to try title that a plaintiff must recover on the strength of his own title and cannot rely upon the weakness of the defendant's title. This is conceded to be elementary but the rule applicable to Martin is not that rule but another ele-

mentary rule announced in McKie v. Anderson, supra.

Under this point and other points having to do with the offer of proof, the appellant, Martin, argues at considerable length the judgment of the trial court is fundamentally erroneous in that the description of the lands recovered fail to identify and locate them on the ground. This contention, as we understand it, is predicated on the proposition plaintiff sued to recover surveys containing 640 acres each, whereas the judgment permits a recovery of a less acreage in each survey as we noted in our earlier statement, by reason of which Martin says the description is indefinite and insufficient. We have also noted the description in Martin's lease and cross-action is the same as that contained in the judgment. It is only in boundary cases the description contained in the judgment must with certainty identify the lands on the grounds and identify the boundaries. This is essential in order to dispose of the issue presented, otherwise the parties would be left where they were. In trespass to try title cases the description may be general and it is sufficient if it definitely identifies the land. Bitner v. New York & Texas Land Co., 67 Tex. 341, 3 S.W. 301; Harbinson v. Cottle County, Tex.Civ.App., 147 S.W. 719. Except for the variance between the acreage given in the petition and that contained in the judgment there would have been no argument. We think the variance between the acreage is not material, because the judgment does not, for example, purport to allow the recovery of 109 acres of land out of survey 59, Abstract 882, Certificate 70, MK&T Ry. Co. containing 640 acres, but it awards the recovery of Survey 59, etc., containing 109 acres, whereas the petition recites the acreage to be 640. This situation is wholly different from a case and judgment which awards the recovery of a designated number of acres out of a larger tract. The same identical tract of land is here described with only a difference in the number of acres recited as contained therein. The description would have been altogether sufficient had the acreage been omitted entirely. In other words, the number of acres recited is not an essential part of the description of the tract. This is clear from the Harbinson case, supra. The test is, can the land as described be located and identified by the officer executing a writ of possession without exercising judicial functions? As said in the Bitner case, supra, by reference to the records in the Surveyor's office and the General Land Office the lands described can be ascertained and made certain. Any competent surveyor can take the descriptions of the surveys contained in the judgment and locate them regardless of the acreage contained therein.

Every right Martin asserted is determined by his tenancy and his failure to make good his cross-action. In the situation presented here in this case by Martin the inquiry made by Judge Gaines in Converse v. Langshaw, 81 Tex 275, 16 S.W. 1031, loc. cit. bottom of page 1033, is altogether apt, when paraphrased, "Ought Martin be allowed to reverse this judgment on the ground the description is defective when if made sufficient it would preclude him?" He is not prejudiced in any respect by the judgment. He has lost nothing he might have otherwise gained.

Martin says the judgment should be reversed because there is no showing plaintiff complied with the Soldiers' and Sailors' Relief Act 50 U.S.C.A.Appendix, § 520, but that contention has been decided against him, Mims Bros. v. N. A. James, Inc., Tex. Civ.App., 174 S.W.2d 276. He has other points based upon the failure of the court to sustain his motion to quash citations by publication issued for other parties defendants in the suit; to the admission and introduction of documentary evidence in an effort on the part of plaintiff to prove a chain of title. These, we think, are all harmless and immaterial so far as Martin is concerned, because as we have already said he is precluded by the determination of the only issues with which he is concerned and the judgment, as against him, is the only judgment that could have been rendered in the case.

It is our conclusion the appellant has demonstrated no error upon which the case

may be properly reversed and the judgment is affirmed.

PRICE, Chief Justice.

I concur in the affirmance of this judgment on the ground that defendant claiming and having entered under a lease which has expired by its terms, could not deny his landlord's title without showing a better title in himself. McKie v. Anderson, 78 Tex. 207, 14 S.W. 576; Hereford v. Tilson, 145 Tex. 600, 200 S.W.2d 985.

McGILL, Justice (partially dissents).

I concur in affirmance of the trial court's judgment insofar as it denied appellant any relief on his cross-action for specific performance and awarded appellee an undivided 2/3 interest in and to survey 63 containing 640 acres. In my opinion the judgment, insofar as it attempts to award to appellee an undivided 23/24 interest in and to the other five sections of land, is void because the description of the land is insufficient to enable an officer to place appellee in possession thereof without exercising judicial functions.

It is true that appellant did not raise this point in the trial court and has not raised it here except by his argument. He does present a point that the court erred in failing to sustain his motion for judgment when plaintiff rested his case.

A reference to the statement under this point shows that at the close of plaintiff's case defendant read to the jury exhibit No. 47 and then orally moved the court as follows: "We desire to move at this time for judgment on the plaintiff's case and the lease contract which have been offered in evidence." At the close of all the evidence the appellant moved the court to instruct the jury to return a verdict in his favor compelling and requiring appellee to tender a good and sufficient deed conveying to appellant the lands and premises described in plaintiff's first amended original petition and cross-plaintiff's first amended original answer.

If the oral motion made at the close of plaintiff's testimony based the right to an instructed verdict on any other ground than the exercise of the option contained in the lease, the filing of the motion above stated at the close of all the evidence waived any error, if error there was in refusing to instruct the verdict in favor of defendant at the close of appellee's testimony. Furthermore, appellant made no assignment of error in his motion for a new trial challenging the court's failure to direct a verdict in his favor on the ground of the insufficiency of the pleading and the evidence to identify the land in controversy. However, the judgment rendered is before us for review and revision. If the judgment is so indefinite as to the description of the land that an officer cannot place appellee in possession of any land without exercising judicial functions, such judgment is unenforceable and void, and it is the duty of this court to so declare and set it aside. Tex. Jur. 3a, p. 89, Sec. 69. This is so even though no error was assigned in the trial court or in this court on the ground of the insufficiency of description of the land. A judgment which is fundamentally erroneous and unenforceable should not be permitted to stand. It is the duty of this court to enter the judgment that should have been entered by the trial court, Rule 434, Texas Rules of Civil Procedure, and we should not enter an erroneous or improper judgment because the error was not pointed out by an assignment. This is the practice adopted by the Supreme Court before the adoption of the Rules of Civil Procedure. Clement v. First Nat'l Bank, 115 Tex. 342, 282 S.W. 558, loc. cit. 560(7). Such practice was followed by other Courts of Civil Appeals prior to the adoption of the Rules Stewart v. Collatt, Tex.Civ.App., 111 S.W.2d 1131, and has been followed by such Courts since the adoption of the new Rules. Hatton v. Burges, Tex.Civ.App., 167 S.W.2d 260, (Wr. Ref. W. M.) Humble Oil & Refining Co. v. Manziel, Tex.Civ.App., 187 S.W.2d 149, (Wr. Ref. W. M.)

Reproduced is the description of one of the sections involved as it appears in plaintiff's first amended petition, on which the case was tried.

| "Abstract | Cert. | Survey | Block | Original Grantee | Acres | County |
|-----------|-------|--------|-------|------------------|-------|--------|
| 882 | 70 | 59 | D–6 | M. K. & T. Ry. Co. | 640 | Terrell |

Beginning At the S. E. Cor. of Sur. No. 58 Block D–6
Script No. 69, this Co. for N. E. Cor. of this Sur.
Thence W. 1900.8 vrs. to a stone mound.
Thence S. 1900–8 vrs. to a stone mound.
Thence E. 1900.8 vrs. to a stone mound.
Thence N. 1900.8 vrs. to the Beginning."

This description is typical of the description of each. of the other sections, the abstract and certificate numbers being different but the acreage and original grantee being the same and the length of the calls in the field notes being identical. The issue submitted inquiring as to plaintiff's peaceable and adverse possession upon the answer to which judgment was rendered described these sections as follows:

| "Abstract | Cert. | Survey | Original Grantee | Acres. |
|-----------|-------|--------|------------------|--------|
| 863 | 51 | 21 | M. K. & T. Ry. Co. | 628 |
| 864 | 52 | 23 | " | 589 |
| 865 | 53 | 25 | " | 628 |
| 868 | 56 | 31 | " | 580 · |
| 882 | 70 | 59 | " | 109" |

Plaintiff introduced in evidence patents from the State of Texas in which each section is described as in. his petition. The field notes contained in these patents are the only field notes appearing in the record. Over defendant's strenuous objection plaintiff also introduced the following instruments:

"A certificate from the Commissioner of the General Land Office of the State of Texas, dated November 28, 1919, in which the commissioner certifies the estimated area of the surveys in question, free of conflict, is as follows:

"Section 21, 521 acres;
do 23 589 do
do 25 628 do
do 31 580 do
do 59 109 do";

A plat of the land surveys certified by the Commissioner of the General Land Office on May 30, 1919 to be a correct copy of the map of Terrell County dated September, 1905, then in use as the official map of said County "showing part of Block D-6 as recognized by this office, to which has been added in red the estimated acreage by scale from map that portion of Surveys Nos. 21, 23, 25, 31 and 59 remaining on the Texas side of the Rio Grande River."

(The estimated acreage in red in each of said surveys appearing on this plat is the same as that certified as being free from conflict in the certificate of November 28, 1919) State Abstract Book No. 8 designated "Abstract of All Original Texas Land Titles Comprising Grants and Locations to August 31, 1941; in which the acreage of the Surveys in question appears as follows:

| "Sur. | Land Office Vol. 8 |
|-------|--------------------|
| 21 | 521 |
| 23 | 589 |
| 25 | 640 |
| 59 | 640 |
| 31 | 580 "; |

The petition in cause No. 1869, styled State of Texas v. C. T. Smith, et al. in the District Court of Terrell County, filed June 30, 1936 for the foreclosure of lien for delinquent taxes for the year 1932 upon Surveys Nos. 21, 23, 25 and 59, and for the years 1933 and 1934 upon Surveys Nos. 21, 23, 25, 59 and 31. The description of the acreage on which the lien was sought to be

foreclosed for the year 1932 and for the years 1933 and 1934 was as follows:

| "Survey | Tax Suit Petition 1932 | Tax Suit Petition 1933–34. |
|---|---|---|
| 21 | 560 | 628 |
| 23 | 600 | 589 |
| 25 | 600 | 628 |
| 59 | 109 | 109 |
| 31 | | 580"; |

The Abstract and Certificate numbers are also given as is the name of the original

| "Abstract | Cert. | Survey | Original Grantee | Acres | County |
|---|---|---|---|---|---|
| 863 | 51 | 21 | MK&T Ry. Co. | 628 | Terrell |
| 864 | 52 | 23 | MK&T Ry. Co. | 589 | Terrell |
| 865 | 53 | 25 | MK&T Ry. Co. | 628 | Terrell |
| 868 | 56 | 31 | MK&T Ry. Co. | 580 | Terrell |
| 882 | 70 | 59 | MK&T Ry. Co. | 109 | Terrell;" |

in which it will be noted that the Block number is also omitted.

It is at once apparent that by the jury's finding plaintiff failed to establish his peaceable and adverse possession of all the land in each Section as described in his petition; that if the finding established any peaceable and adverse possession such possession was to a portion of such land only; also that the judgment based on such finding purported to award to plaintiff a portion of such land only. Appellees do not contend otherwise; their contention is that since plaintiff in his petition described the surveys by abstract, certificate, survey and block numbers, and sought to recover the entre surveys, each of which called for 640 acres described by metes and bounds, such description as limited by the instruments above referred to and introduced by him warranted a recovery of the acreage of which the jury found he had had peaceable and adverse possession for the required statutory period, and which was included in such surveys as described in his petition and which constituted all the acreage remaining in such surveys after eliminating conflicts with prior patents and land which had been lost to Texas and was located in Mexico because of erosion and accretion due to the change in the course of the Rio Grande River.

grantee the same as in plaintiff's amended petition. The petition also alleges that the land is in Terrell County, but the Block Number is not alleged. The judgment rendered in said suit on August 10, 1936, foreclosing tax lien and ordering the property sold to satisfy same, in which the property is described the same as in the petition for the years 1933 and 1934 and in special issue No. 1 submitted to the jury inquiring as to plaintiff's peaceable and adverse possession and in the judgment rendered by the trial court in this suit, viz.,

We may assume, without deciding, that these instruments which plaintiff introduced were sufficient to establish an adequate description of his claim to the acreage awarded him by the judgment and to warrant the inference that the acreage found by the jury's verdict to have been in the peaceable and adverse possession of plaintiff constituted all the acreage remaining in the respective surveys, after conflicts with prior patents and land originally in such surveys and which became a part of Mexico because of the change of course of the Rio Grande River had been eliminated. Nevertheless, plaintiff could not recover unless he went further and offered proof as to the actual location of such acreage. The applicable rule of law is thus stated in Permian Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490, loc. cit. 497(3), 107 S.W.2d 564, 111 A.L.R. 1152 (Com. App., Op. adopted): "(3) Since Monroe placed the title to section 103 in issue in cause No. 854, the burden rested upon him not only to exhibit to the court evidence establishing his chain of title to the land involved, but he was also required to offer sufficient proof as to the actual location of the land so that an officer seeking to enforce a writ of possession under a judgment in his favor could locate the same and restore him to the possession from which he

had been ousted without such officer being required to exercise judicial functions. In other words, it was Monroe's duty to furnish proof identifying the land described as section 103 with such certainty that the court might determine whether Hickox had in fact ousted him from the possession thereof. The court was not justified in rendering a judgment, the effect of which would have been to take land from the possession of Hickox, unless the location of said land was definitely fixed upon the ground. A failure of Monroe to meet the burden thus imposed entitled Hickox to remain undisturbed in the possession of the land claimed by him. The judgment rendered did not disturb Hickox' possession. The statute specifically provides that such judgment shall be conclusive, not only as to the title established, but as to the 'right of possession established in such action.' "

Certainly this language, which was applied to a section to which the claimant had established a record chain of title, is all the more cogent when applied to a chain of title grounded on peaceable and adverse possession under the ten year Statute of Limitations. The only land which can be definitely located by the evidence in this record is the entire 640 acres described by the field notes of Surveys incorporated in the patent to each section. This is the only land that the Sheriff with a corps of surveyors could put appellee in possession of without exercising judicial functions, and he would then be in possession of land in Mexico. These field notes are entirely inapplicable to the acreage in each section of which the jury found plaintiff had had peaceable and adverse possession for a period of ten years prior to February 23, 1948. The judgment attempts to award a portion of the acreage out of the 640 acres in each section without any description of the portion awarded. In this respect it is a void judgment. Adams, et al. v. Duncan, et al, 147 Tex. 332, 215 S.W.2d 599. Therefore, since plaintiff failed to offer any evidence by which the acreage in each survey as limited by the instruments referred to, introduced by him, could be located, he failed in his action.

The judgment, insofar as it awards appellee Nowery J. Smith an undivided 23/24 interest in Surveys 21, 23, 25, 31 and 59 is fundamentally erroneous, and in my opinion requires that the cause be reversed and remanded as to these five sections.