## JOHN TOOMEY v. ALEXANDER H. WOODRUFF.

*Replevin for impounded cattle—Tender of damages.*

·A man found several cows damaging his crop, and he impounded them within his own inclosure. The owner of one of the cows, after tendering appraised damages and demanding the cow, brought replevin. The proceedings on making demand involved several other cows, but the court refused to permit any inquiry except as to the one for which suit was brought. *Held* error to exclude evidence of the conversation and dealings as showing defendant's course with reference to consenting or refusing to give up the cattle.

·A person who had locked up several cows he had caught in his corn accepted the amount of appraised damages tendered him for one of them, and unlocked his gate that the person making tender might select and take away the proper cow. *Held* that in an action of replevin against him for the cow there was nothing to go to the jury to show misconduct on his part.

Error to Wayne. (Jennison, J.) Jan. 9.—Jan. 17.

REPLEVIN. Defendant brings error. Reversed.

*Stewart & Galloway* for appellant.

*Charles R. Ford* for appellee.

CAMPBELL, J. Toomey sued Woodruff in an action of statutory replevin for beasts distrained, to recover possession of a cow. Woodruff had taken her while doing damage to his crops, and on the same evening, about an hour or two after the taking, Toomey came to Woodruff's and saw the cow (which had been found with twelve others in the same field), and Woodruff wanted two dollars for the damage done by her. Toomey declined to pay or allow this and went to a justice to have appraisers appointed. This seems to have been done *ex parte*, and they having appraised the damage, Toomey sent one Clements the next morning after the capture to tender 77 cents and get the cow. Woodruff accepted the money, but Toomey, claiming he had refused to deliver up the cow, sued out a replevin at once, as did also several other claimants of cattle. The case was appealed.

Under the rulings and charge of the court below Toomey recovered judgment of fifteen dollars. Error is brought.

It appeared from the testimony of Clements that he accompanied another person, a Mr. Johnson, to Woodruff's, and that the transaction at the time he paid Woodruff involved several other cows, but the court below refused to allow any inquiry except as to Toomey's cow. This we think was error. The conversation and dealings were all important as showing Woodruff's action and explaining his purpose,—as acquiescing or refusing to give up the cattle. Enough appeared, nevertheless, to indicate that he acquiesced and did what was incumbent on him under the circumstances.

So far as Toomey's cow was concerned the witness very carefully evaded saying that Woodruff refused to give her up. It is quite evident from Clements'.own testimony that he did not choose to take the trouble to get the cow from Woodruff's inclosure, and equally clear that Woodruff

offered no hindrance, but on the contrary offered to unlock the gate and did so. There was in our opinion nothing to go to the jury in any way tending to show misconduct on Woodruff's part.

We pass no opinion upon the validity of the appraisal and tender, because Woodruff accepted the money and acquiesced.

We regret to be obliged to say that this record renders it impossible to doubt that this set of replevin suits was got up without cause and for purposes not in accordance with justice or propriety. There was not on plaintiff's own showing the least reason for resorting to the replevin, and the parties concerned deserve reprobation for such an abuse of process.

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.