### ANNA L. STEVENSON ET AL. v. J. T. ROGERS.

No. 2014. Decided February 16, 1910.

**1.—Practice in Supreme Court—Judgment Settling Case.**

Writ of error having obtained by appellee on the ground that a judgment of reversal and remand practically settled the case, the Supreme Court, approving the ruling on appeal, render judgment for defendant in error. (Pp. 169, 172).

**2.—Landlord and Tenant—Disputing Lessor's Title.**

The rule precluding a tenant from disputing his landlord's possession, applies to suits to determine the right to possession but not to an action by the landlord to establish title or for partition, in which a recovery by plaintiff would estop defendant from subsequently asserting his title. McKie v. Anderson, 78 Texas, 209, followed, and Tyler v. Davis, 61 Texas, 674, distinguished. (Pp. 171, 172).

**3.—Same—Trespass to Try Title.**

Plaintiff sued in the usual form of trespass to try title, with indorsement that the suit was as well to try title as for damages. A second count alleged that defendant had entered into possession as plaintiff's tenant and refused to surrender same. The title, which was in another, was acquired from him by defendant after he received possession. Held that he was not precluded from asserting his title against plaintiff in such form of action. (Pp. 170–172).

Error to the Court of Civil Appeals for the Sixth District •in an appeal from McLennan County.

Anna L. Stephenson and others sued Rogers for the recovery of land and had judgment therefor from which Rogers appealed. The case having been reversed and remanded, appellees obtained writ of error on the ground that the ruling settled the case against them.

*Prendergast & Williamson,* for plaintiffs in error.—The tenant can not dispute his landlord's title. Flanagan v. Pierson, 61 Texas, 304; Cobb v. Robertson, 99 Texas, 146; Juneman v. Franklin, 67 Texas, 411; Hanrick v. Gurley, 93 Texas, 479.

*Taylor & Gallagher* and *D. A. Kelley,* for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The application for a writ of error in this case was granted because the decision of the Court of Civil Appeals practically settles the case. Plaintiffs in error, in their application, make this statement: "We concede, in view of the verdict of the jury and judgment of the lower court, that the land in controversy was not, and is not, on the

Gholson N. E. Quarter, but that it is the Clark survey. If the Court of Appeal's opinion is correct, they should have reversed and rendered the case in favor of Rogers. No additional' or different proof can be offered on a retrial in the District Court, even if it is reversed and remanded. It would be a useless expense, and consumption of the time of the court, to retry the case in the District Court if the opinion of the Court of Civil Appeals is the law and is applicable to this case. We therefore urge the Supreme Court to grant a writ of error herein, and if the Court of Appeals' decision is correct, to reverse and render this cause in favor of Rogers, but if not, to reverse the decision of the Court of Civil Appeals and affirm that of the District Court."

The facts found by the Court of Civil Appeals are that plaintiffs owned the N. E. Quarter of the Samuel Gholson league of land in McLennan County, and, in the year 1893, by their agent, made a written lease of said land to defendant Rogers and one Bird, describing the land as the N. E. Quarter of the league, in which lease Rogers and Bird agreed to fence a certain part of the land and to hold possession of the tract leased for their lessors, protecting the land from trespassers. The Gholson grant was the oldest of the six tracts which are connected with this litigation. The particular dates of the different grants are unimportant and will not be given. Grants in the names respectively of Levi Pitts, D. Caldwell, C. Caldwell and N. H. Hobbs lay to the north of the Gholson survey and for its south boundary line each called for the north line of the Gholson league. Rogers owned a part of the Pitts and part of the C. Caldwell surveys and had rented one of the other surveys; he claimed to control the four tracts. Rogers and Bird had a fence along a part of the south line of the Hobbs, which coincided with the north line of a tract patented in the name of Clark at a time subsequent to the issuing of patents to the surveys named, upon the assumption that there was a vacancy between the Gholson and the other four surveys. The Clark patent covered a strip of land about two hundred varas wide and extending the length of the N. E. Quarter of the Gholson league, embracing the land lying between the latter survey and the four surveys on the north. The land in controversy is a part of the Clark tract. The plaintiffs did not have actual possession of the land when leased to Rogers and Bird and it was not pointed out to them at the time. There was evidence which tended to show that at the time the lease was made to Rogers and Bird the attorney and agent of the plaintiffs believed that the north line of the Gholson league was identical with the south lines of the Pitts, the two Caldwells and the Hobbs surveys. When Rogers and Bird fenced the Gholson land they continued the fence across the Clark tract and connected with their fence on the south line of the Hobbs tract. Bird testified: "The land Rogers and I took possession of under the lease was the land between the Peoria road and the Fort Graham road, east and west, and running, north and south, from Mr. Cole's fence north of Mr. Rogers' fence. Cole's fence was on the south part of that quarter and Rogers' fence on the north."

The Court of Civil Appeals states that at the date of the lease,

Rogers had some claim on the Clark survey, but the character of the claim is not disclosed. Bird testified that he did not know that Rogers claimed the Clark land at that time. In 1901 Rogers acquired title to the Clark land and in 1905 removed the fence to what he claimed to be the north line of the Gholson and the south line of the Clark survey.

The district judge instructed the jury as follows:

"2. If you believe from the evidence that J. T. Rogers and George P. Bird took charge of this land and fenced the same as a part of the Samuel Gholson survey, under the lease which they obtained from the plaintiffs on the twelfth day of May, 1893, wherein plaintiffs leased to said Rogers and Bird the northeast quarter of the Samuel Gholson league in McLennan County, then and in that event you will find for the plaintiffs for all of that portion of said land that was included within the said inclosure of said Rogers and Bird, regardless of where you may find the original north line of the Samuel Gholson league to have been located."

The defendant requested this charge, which was refused:

"The plaintiffs' title papers call to run to and with the north or northwest boundary line of the Samuel Gholson survey; and the defendant, J. T. Rogers' title papers call to run to and with the north or northwest boundary line of the Samuel Gholson survey on the opposite side from plaintiffs' land. Now you are instructed that if you believe from the testimony that the lands which the defendant, J. T. Rogers, has enclosed under fence built by him, is located on the north or northwest side of the said line of the said Gholson survey, then you are instructed to find a verdict for the defendant, J. T. Rogers."

The jury returned the following verdict:

"We the jury find for the plaintiffs for all that portion of the land in dispute that was included in the inclosure of Rogers and Bird, under the second paragraph of the charge, and we find for the defendant for that portion of said strip of land lying west of said inclosure and the Towash road."

Judgment was entered in favor of plaintiffs for the title and possession of the land in conformity with the verdict.

The petition is divided into four counts; the first contains allegations appropriate to trespass to try title, and the petition is endorsed as the petition in such actions is required to be. The second count sets up the lease to Rogers and Bird and the refusal of Rogers to surrender possession, with prayer for general relief. The third and fourth counts set up title in plaintiffs by five and ten years' limitation and pray for relief as in the preceding counts. The Court of Civil Appeals held that the District Court erred in giving the second paragraph of the charge and erred in refusing the charge requested as above copied.

It is the general rule that in an action by the lessor, after the termination of the lease, for the possession of the leased premises, the tenant can not dispute his landlord's title or right to possession without first surrendering the possession that he received under the lease. When, however, as in this case, the suit is to recover posses-

sion · and to establish the title of the plaintiffs, whereby the title of the tenant would be destroyed, the latter may defend by showing a superior title in himself. 18 Am. & Eng. Ency. Law, p. 421; 24 Cyc., p. 942; McKie v. Anderson, 78 Texas, 209; Bertram v. Cook, 44 Mich., 397; Joehen v. Tibbells, 50 Mich., 31; Dodge v. Phelan, 2 Texas Civ. App., 448. In McKie v. Anderson, cited above, Judge Henry said:

"It has been held by this court that as a general rule a tenant can not dispute his landlord's title. Tyler v. Davis, 61 Texas, 674.

"When limited to an action for the possession alone of the land there can be no question about the application of the doctrine. But when it is the purpose of the suit not only to recover possession but to establish title or to have partition, where the decree sought will not only give possession of the land but by estoppel settle the title to it, the rule does not apply. The tenant is estopped while he holds that relation from disputing his landlord's right of possession. Before doing that he should, in the language of Chief Justice Willie in the case of Juneman v. Franklin, supra, 'give up the advantage he derived from the tenancy by being let into possession in order to remove the estoppel to which he was subjected.'

"As the plaintiff in this case did not so limit his pleading that a judgment in his favor would have been evidence of nothing but his right to the possession of the land, but on the contrary made the issues of title and partition, so that a decree in his favor would have settled the question of title between him and the defendant, we think it was the right of the defendant to prove that he owned the superior title to the land, without regard to the question whether he was in or out of possession when he attorned to plaintiff."

Tyler v. Davis, 61 Texas, 674, is not in conflict with McKie v. Anderson. In that case (Tyler v. Davis) the court held that the tenant could not set up against his landlord an outstanding title with which he did not connect himself, and that when the plaintiff established the tenancy of the defendant, he showed a right of recovery which the defendant had not met by proof of a superior title with which he did not connect himself. It is strongly implied that the defense would have been good if defendant had shown that he owned the superior title to the land.

The application for writ of error omits all issues except the right of Rogers as a lessee of plaintiffs to defend against this action (to recover possession of and title to the land), by showing a superior title in himself. The application admits that the plaintiffs had no title to the land and the undisputed evidence shows that Rogers has the title to the Clark survey, the land in controversy. In accordance with the authorities before cited we hold that Rogers presented and sustained a valid defense to the plaintiffs' action. The Court of Civil Appeals properly held that the trial court erred in refusing to give defendant's special charge. It is therefore ordered that the judgment be here entered that plaintiffs take nothing by their suit, and that Rogers go hence without day and recover all costs.

*Ruling of Court of Civil Appeals affirmed and judgment rendered for defendant in error.*