Thomas Sterling MACKIE, Appellant,

v.

Norma Faye MACKIE, Appellee.

No. 8572.

Court of Civil Appeals of Texas, Texarkana.

Sept. 5, 1978.

Rehearing Denied Oct. 3, 1978.

James C. Allums, Jr., Dallas, for appellant.

Jesse L. Nickerson, Pittsburg, for appellee.

ODEN, Justice.

The original opinion of this Court handed down on July 25, 1978, is withdrawn and the following opinion is substituted.

Thomas Sterling Mackie (appellant) and Norma Faye Mackie (appellee) were divorced by a decree filed on January 12, 1977, which provided, inter alia, that:

"Respondent [appellant] is awarded the farm, house, farm equipment, cattle, Plymouth automobile and books, and he is required to pay all of the debts on the property after payment of Twelve Thousand, Five Hundred and No/100 ($12,500.00) Dollars to Petitioner [appellee]. If Respondent does not pay the $12,500.00 to Petitioner within 60 days from the date of entry of this Judgment, all of the above property is awarded to Petitioner. Petitioner required to sell such property to pay debts against it, and is to receive $12,500.00 cash, and to turn over the balance, if any, to Respondent.

"Petitioner shall report to court prior to consummation of any sale."

The next noteworthy entry in the record is July 14, 1977, at which time appellee filed a report of sale with the district clerk whereby she advised that she had not been paid the $12,500.00 and that she had sold the farm at a private sale for cash. Appellant filed an objection to the report of sale. A hearing was held on September 22, 1977, at which time the court ordered that:

". . . Petitioner's [appellee] offered sale be approved as of noon, October 24, 1977, provided such offer is reduced to writing and filed as part of the record with this case within 10 days, further providing that said offer is to be good for a period of 45 days, subject to Court approval.

". . . Respondent [appellant] has until October 24, 1977, to submit a higher offer, provided said offer is accompanied by a cashier's check in the amount of 10% of the amount offered by Respondent, said check to be payable into the registry of the Court, and said offer subject to Court's approval.

". . . in the event an offer is made by Respondent, Petitioner is to have five days, until noon, October 29, 1977, to submit a higher offer, such offer to be accompanied with a 10% deposit in the form of a cashier's check payable into the registry of the Court."

Appellant is before the Court complaining of the order of the trial court entered in connection with the report of sale. Appellee filed a motion to dismiss the appeal for want of jurisdiction alleging that the order from which the appeal has been perfected is not a final judgment because it is not to become effective until the happening of some future event. We agree with appellee. Except in instances not applicable herein, an appeal may be prosecuted only from a final judgment. Tex.Rev.Civ. Stat.Ann. art. 2249; *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966). The order under attack is not final. The trial court retained jurisdiction to entertain subsequent offers to purchase the farm as well as to review the offer produced by appellee. At best, the judgment was to become final only upon the happening of some future event, to-wit, appellant failing to produce a higher offer by October 24, 1977. A judgment that is to become effective only upon the happening of some future event or contingency is ordinarily not a final judgment. *Wrather v. Wrather*, 154 S.W.2d 955 (Tex.Civ.App. Texarkana 1941, writ ref'd w. o. m.).

The appeal is dismissed at appellant's costs.