SMITH, P.J., concurs.

SATZ, J., concurs in result.

**Travis SMITH, Plaintiff–Appellant,**

v.

**CITY OF MINER and Bill James, Defendant–Respondent.**

No. 53643.

Missouri Court of Appeals, Eastern District, Southern Division.

Nov. 29, 1988.

Lew Polivick, Sikeston, for plaintiff-appellant.

Charles Lieble, Sikeston, for defendant-respondent.

KAROHL, Judge.

The sole issue in this appeal is whether the trial court properly applied the rule of

avoidable consequences as a limitation in awarding damages to plaintiff. Plaintiff-employee, Travis Smith, sued defendant, a fourth class city, for unpaid wages. Plaintiff contends he was entitled to wages for a period of thirty-four months, which includes all the period between May 1, 1984 and the date of trial in March, 1987. The trial court found that plaintiff was an appointed officer; was never lawfully discharged; and, was entitled to recover unpaid wages. However, the court also determined "[a] reasonable time to acquire other employment would have been approximately four months." On that basis the trial court granted damages in the amount of monthly wages for a period of four months and rendered judgment for plaintiff-employee against defendant-employer for $3,400. This appeal involves only plaintiff's claim of error that the amount of damages should be measured by wages for a period of thirty-four months, the number of months between the date employer-city terminated payments, and the date of trial. We review as required by Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The trial court made findings of fact and entered conclusions of law with judgment for plaintiff. The following facts are not now contested. Plaintiff became City Water and Street Maintenance Supervisor when hired by City of Miner on December 12, 1983. The agreed wages for plaintiff's services were $825 per month. Plaintiff was paid through the end of April, 1984, but not paid thereafter. The court concluded as a matter of law that defendant, City of Miner, a fourth class city, could not discharge plaintiff without the consent of a two-thirds vote of the members of the elected Board of Aldermen. The authority for this conclusion of law is § 79.240 RSMo 1986.

The court also concluded that plaintiff-employee was an "officer" as that term is used in § 79.240 because of the provisions of Ordinance 282, § 26 of the City of Miner. That ordinance provides that the position plaintiff occupied was that of an "appointed officer." The court also found that the Board of Aldermen never consented to

plaintiff's removal from office. The record supports a finding that three of the four aldermen at all times disapproved of the removal. Accordingly, the court found plaintiff was never lawfully discharged and at all times was an employee of the city. *See, Pumphrey v. City of Lutesville*, 707 S.W.2d 475, 477 n. 2 (Mo.App.1986).

There is no dispute that plaintiff-employee was an "at will" employee and could have been discharged at any time if the requirements of statute and ordinance had been satisfied. Three of the four aldermen testified they never consented to the discharge of plaintiff nor did they intend any action taken by them to be interpreted as a ratification of the mayor's action in suspending plaintiff. The court found no approval by two-thirds of the Board of Aldermen and no ratification.

The finding of fact tested by plaintiff's appeal is as follows:

Plaintiff testified that at all times he was willing and able to perform whatever duties were required of him by the City and, therefore, it is evident that he was able to perform other employment if he so desired. A reasonable time to acquire other employment would have been approximately four months. The Court finds that plaintiff sustained damages in the sum of Thirty-four Hundred Dollars ($3400.00).

Plaintiff first claims this finding is unsupported by evidence. This contention is correct. There was no evidence that other employment was available or that plaintiff could have obtained other employment within any particular period of time. The burden of proof of mitigation of damages is on the defendant who must show the opportunity to mitigate and the reasonable prospective consequences. *Braun v. Lorenz*, 585 S.W.2d 102, 108 (Mo.App. 1979). In the absence of evidence the finding fails.

More on point to the resolution of plaintiff's claim of error is that plaintiff was a public officer, prevented from performing his services without any fault on his part, and while so excluded, was entitled to

wages without devaluation or credit by way of mitigation of damages. Our research discloses some authority for this position. In *Wolf v. Missouri State Training School For Boys*, 517 S.W.2d 138 (Mo. banc 1974) the Supreme Court of Missouri considered a wrongful discharge case and held plaintiff Wolf was wrongfully discharged. It then undertook to define the proper measure of damages. The court analyzed application of the rule of avoidable consequences as applied to persons in government service. It acknowledged a general rule that a public officer is entitled to full compensation without reduction by an amount the employee has earned or by reasonable diligence could have earned. *Id.* at 143. The opposite rule applies under the theory of avoidance of damages for employees engaged in private employment. *Id.* The court then found that: (1) the improperly discharged employee, a Corrections Officer I at the Missouri State Training School For Boys, was a merit system employee; (2) merit system employees are not public officers under Chapter 36; and, (3) the provisions of § 36.390(5)(1) did not evidence an intention to shield merit system employees from the rule of avoidable consequences. It held the damages were subject to offset. *Id.* at 144–45.

In the present case the court found plaintiff "to be one of an appointed officer." Defendant's Ordinance 282, § 26 expressly so provides. Accordingly, as a public officer plaintiff is protected by the rule recognized in *Wolf* applicable to public officers. The court erred as a matter of law in applying the rule of avoidable consequences in limiting plaintiff's damages for lost wages to a period of four months. *See, Wolf,* 517 S.W.2d at 143. Further, this is not an unlawful suspension or unlawful discharge case. It is pleaded and was tried as a failure to pay wages case. Any doubt of the distinction is resolved by the court's findings of fact that plaintiff was never lawfully discharged from employment as a public officer. If a public officer who is discharged unlawfully is entitled to all wages, without an offset, then a public officer who was never discharged is so entitled.

We reverse and remand to the trial court for entry of judgment in favor of plaintiff and against defendant in the amount of $28,050 and costs.

PUDLOWSKI, C.J., and DOWD, J., concur.