**ROCKPORT SHRIMP COOPERATIVE, Appellant,**

v.

**N.F. JACKSON, Jr., Trustee of the Norvell F. Jackson Life Insurance Trust, Appellee.**

No. 13–88–471–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1989.

Rehearings Denied Oct. 5, 1989.

Robert L. Joseph, Joseph & Johnson, William G. Burnett, Sinton, for appellant.

Allen Wood, Wood & Burney, Corpus Christi, for appellee.

Before UTTER, SEERDEN and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

Rockport Shrimp Cooperative, appellant, appeals from an adverse summary judgment ordering that it take nothing from N.F. Jackson, Jr.—Trustee of the Norvell F. Jackson Life Insurance Trust, appellee. Appellant's causes of action surrounded the validity of a lease which the Arkansas County Navigation District No. 1 (Navigation District)[1] as lessor executed to appellant as lessee. We affirm the judgment of the trial court.

The record reveals that appellant leased the real property in question by written agreement from the Southern Pacific Company (Railroad) on April 9, 1969, and that appellant has possessed the property since that time. The Railroad has since conveyed the property to Gordon R. Stanley and Kay Stanley by special warranty deed on June 15, 1982, and who, in turn, conveyed the property to appellee by warranty deed on June 29, 1983.

The record further reveals that appellant later became concerned the Railroad did not own the property, and, believing that the true owner was the Navigation District, entered into a lease with the Navigation District on July 5, 1983. This lease expressly noted the existence of a dispute regarding who the holder of the superior title was, and made the effective date of the lease contingent upon (1) a duly signed agreement between appellant, the Navigation District, and Gordon Stanley or his heirs, assigns, successors or authorized representatives establishing the rights of the parties, the boundary lines to the property in dispute, and superior title in the Navigation District; or (2) a final judicial decree establishing superior title in the Navigation District. This lease also provided that should the Navigation District not be vested with superior title to the property, the monies appellant paid into a trust account for this property would be returned to appellant and neither the Navigation District nor appellant would have any further obligations to one another. Only the Navigation District and appellant were parties to this agreement.

Appellee thereafter brought suit against the Navigation District seeking to establish appellee's title in the property, to remove cloud from the title, and to enjoin the Navigation District from executing other leases on the property. This earlier suit was settled and various properties exchanged be-

---

1. The causes of action appellant asserted against appellee have been severed from the remaining causes of action which appellant asserted against the Navigation District.

tween the Navigation District and appellee, including the transfer to appellee of the property at issue in the present case. Appellant was neither a party to this earlier suit nor a party to the settlement agreement.

Appellant brought this suit against appellee and the Navigation District to affirm the lease and continue possession of the leasehold estate which appellant received from the Navigation District, to remove any clouds that had been cast upon its title, for specific performance of its lease with the Navigation District, for damages against the Navigation District for breach of the lease, for damages against appellee for tortious interference with the lease, for damages against both the Navigation District and appellee for civil conspiracy to deprive appellant of its rights under the lease, and for reasonable attorney's fees and costs.

Appellee subsequently filed its third motion for summary judgment asserting that appellant, as lessee, was estopped to deny or dispute the title of the Railroad or its successor's title in the property. Appellee further asserted that the lease between the Navigation District and appellant was either void or unenforceable.

Appellant thereafter filed a written response arguing that the summary judgment evidence raised an issue of fact concerning whether the Railroad had title to the property covered by appellant's lease and whether the Navigation District had superior title to the property. Appellant further argued that the appellee's summary judgment evidence failed to conclusively establish the elements of appellee's affirmative defense of estoppel and the nonexistence of any element of appellant's causes of action for trespass to try title, removal of cloud from title, specific performance, tortious interference, and civil conspiracy. The trial court granted appellee's third motion for summary judgment.

By its first point of error, appellant contends the trial court erred in granting appellee's third motion for summary judgment. Specifically, appellant asserts that the summary judgment evidence did not conclusively establish all of the elements of appellee's affirmative defense of estoppel and was not dispositive of all appellant's claims against appellee. Appellant further asserts that the summary judgment evidence raised an issue of fact as to the defense of estoppel alleged by appellee because the Railroad never had title to the property and appellant thereafter leased the property from the Navigation District who had superior title to the property.

When reviewing the granting of a motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the nonmovant and indulge every reasonable inference in their favor. *Nixon v. Mr. Property Management, Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *Wilcox v. St. Mary's University*, 531 S.W.2d 589, 592 (Tex.1975). The movant's burden is to show that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Major Investments, Inc. v. De Castillo*, 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

As a general rule, as long as the tenant is not disturbed in its possession, a tenant is estopped to deny his landlord's title or to claim adversely to him, and it is immaterial whether the landlord had title at the time the lease was entered into. *See Lorino v. Crawford Packing Co.*, 142 Tex. 51, 175 S.W.2d 410, 417 (1943); *Parker v. Standard Oil Co.*, 250 S.W.2d 671, 680 (Tex.Civ.App.—Galveston 1952, writ ref'd n.r.e.). A landlord may recover, notwithstanding the existence of an outstanding title in a third person. A tenant, having received all the benefits of its agreement, should not be permitted to dispute the authority of the one leasing it the premises. *Lorino*, 175 S.W.2d at 417. The estoppel of a tenant to deny its landlord's title may also be asserted by those that succeed the original lessor's title because it is the title under which the tenant enters that relates to the estoppel and not the individual owner of the title. *Fowler v. Simpson*, 79 Tex. 611, 15 S.W. 682, 684 (1891); *Angelina County Lumber Co. v. Reinhardt*, 270

S.W.2d 259, 263 (Tex.Civ.App.—Beaumont 1954, no writ); *Wilson v. Beck*, 286 S.W. 315, 321 (Tex.Civ.App.—Dallas 1926, writ ref'd).

In the present case, it is undisputed that appellant leased the property in question from the Railroad and that appellant has possessed the property since it entered into that lease. In addition, it is undisputed that appellee was the Railroad's successor in interest to the property. Accordingly, we hold appellant is estopped to deny or dispute the title of the Railroad or its successors, including appellee, as a matter of law. *See Fowler*, 15 S.W. at 684; *Juneman v. Franklin*, 67 Tex. 411, 3 S.W. 562, 564 (1887).

We further hold that appellant does not qualify for the exception to the general rule. The exception permits a tenant of one who has no title to acquire the superior title and show title in itself. *Stevenson v. Rogers*, 103 Tex. 169, 125 S.W. 1, 2 (1910); *McKie v. Anderson*, 78 Tex. 207, 14 S.W. 576, 576 (1890); *Williams v. Martin*, 395 S.W.2d 714, 717 (Tex.Civ.App.—Texarkana 1965, writ ref'd n.r.e.); *Martin v. Smith*, 229 S.W.2d 875, 876 (Tex.Civ. App.—El Paso 1950, writ ref'd n.r.e.). In the present case, appellant has not acquired a superior title in the property. Rather, appellant has entered into a lease with a party who allegedly had a superior title. A leasehold estate is simply not sufficient because superior title must be in the tenant itself. In short, attornment to a third party, even if the third party has a title superior to his landlord's title, does not affect his landlord-tenant relationship with the original landlord, or entitle a tenant to deny or dispute his original landlord's title.

Every other cause of action appellant alleged against appellee necessarily requires that appellant be able to deny or dispute appellee's title. We conclude that there is no genuine issue of material fact and appellant is entitled to summary judgment as a matter of law. We overrule appellant's first point of error.

Appellant's remaining points of error and all of appellee's counterpoints are indispositive of this appeal and will not be addressed. Tex.R.App.P. 90(a).

Appellee has also attempted to file an appeal in this cause. The record reflects that although appellee's third motion for summary judgment was granted, the trial court also conditionally granted appellant's own motion for summary judgment should the granting of appellee's third motion for summary judgment be reversed on appeal. Appellee asserts that since the conditional provision is triggered automatically upon reversal of the granting of appellee's third motion for summary judgment, the provision is not wholly advisory and, therefore, that the judgment is not wholly favorable to appellee. Appellee further asserts that the judgment is not wholly favorable to it because the trial court again denied appellee's two former motions for summary judgment.

Although it is improper to make a judgment conditional upon the happening of some future event or contingency, we hold that the judgment in this case is a final and appealable judgment. *See Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex.1985); *Wrather v. Wrather*, 154 S.W.2d 955, 957 (Tex.Civ.App.—Texarkana 1941, writ ref'd w.o.m.). An appeal properly lies from a summary judgment which disposes of all issues and parties, and we hold that the trial court's granting of appellee's third motion for summary judgment does, in fact, dispose of all issues and parties. *See Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985); *Teer v. Duddleston*, 664 S.W.2d 702, 703 (Tex.1984). We further hold that appellee was not harmed by the erroneous conditional order. First, had this court reversed appellee's third motion for summary judgment, we would be obligated to review appellant's motion for summary judgment regardless of the conditional order. When both parties have moved for summary judgment and one such motion is granted, then the appellate court is required to determine all questions presented, and may reverse the trial court's judgment and render such judgment as the trial court should have rendered, including rendering judgment for the other movant.

*Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex. 1988); Hittner and Liberato, *Summary Judgments in Texas,* 20 St. Mary's L.J. 243, 279 (1989). Second, any issues that were rendered unfavorably to appellee may be raised by proper cross-point and need not be brought in a separate appeal. Tex. R.App.P. 74(e). We conclude, therefore, that it was unnecessary for appellee to file an independent appeal.

We AFFIRM the judgment of the trial court.