AIR–AG, INC., George Mullino, and
Rule Cooperative Gin & Elevator
Company, Appellants,

v.

F & H SANTA FE RAIL,
INC., Appellee.

No. 2–99–324–CV.

Court of Appeals of Texas,
Fort Worth.

May 25, 2000.

Rehearing Overruled July 13, 2000.

Bickerstaff, Heath, Smiley, Pollan, Kever & McDaniel, L.L.P., Douglas G. Ca-room, Michelle L. Wurster, Austin, for appellants.

Shannon, Gracey, Ratliff & Miller, L.L.P., Joseph W. Spence, C. Victor Anderson, Daniel C. Steppick, Fort Worth, for appellee.

PANEL A: CAYCE, C.J.; LIVINGSTON, J.; and DAVID F. FARRIS, J. (Retired, Sitting by Assignment).

## OPINION

TERRIE LIVINGSTON, Justice.

### I. Introduction

In this case we reaffirm the long-standing rule in Texas that a tenant may not challenge its landlord's title. Despite this general rule, however, appellants Air–Ag, Inc., George Mullino, and Rule Cooperative Gin & Elevator Company contend in their first issue that one or more exceptions to the rule apply and, in their second issue, challenge the title of their landlord, F & H Santa Fe Rail, Inc. (F & H). Because we hold no such exception applies under the facts of this case, we overrule appellants' first two issues. In their third issue, appellants argue railroad property, once abandoned, should revert automatically to adjoining landowners. Because appellants are tenants and have no ownership interest in the property, they lack standing to argue ownership in an absent third party; we therefore overrule appellants' third issue. In light of our rulings on appellants' first two issues, we also hold there are no genuine issues of material fact concerning F & H's title; we therefore overrule appellants' final issue arguing to the contrary and affirm the trial court's judgment.

### II. Background Facts

For almost a century, a 156–mile stretch of land in North Texas—a portion of which is the subject of this case—served as a railroad line. Originally, the right-of-way was acquired from landowners by deed,

easement, or condemnation. In 1965, the Atchison, Topeka & Santa Fe Railroad Company (ATSF) purchased this rail line from the Kansas City, Mexico and Orient Railway Company of Texas. In 1969, 1975, and 1977, the ATSF leased the three disputed sections of land either to appellants or to their predecessors:

1. The "Air–Ag Lease:" May 5, 1969, Contract No.131278, to Patrick C. Leroux, later assigned to Air–Ag., Inc.;

2. The "Rule Co–Op Lease:" October 17, 1975, Contract No. 148518, to W.T. Adkins, later assigned to Rule Co–Op.;

3. The "Mullino Lease:" October 31, 1977, Contract No. 153335, to George Mullino.

Each of the three leases required the lessee to make annual rental payments, and each lease provided that it could be terminated at any time by either party upon 30 days' written notice. In 1991, ATSF sold the line and assigned the leases to the Texas & Oklahoma Railroad Company (T & O). Sometime in 1994, T & O petitioned the Interstate Commerce Commission (ICC) for approval to abandon the line, and on September 18, 1995 the ICC approved the petition. T & O abandoned the line and removed the tracks and equipment shortly thereafter.

Two years later, on March 27, 1998, T & O conveyed the land by deed to F & H, a business corporation. T & O also assigned the leases to F & H's president who in turn assigned them to F & H a year later. Holding the deed and leases to appellants' tracts of land, F & H considered itself owner and landlord of those tracts. In 1998 and pursuant to the terms of the leases, F & H gave 30 days' written notice to appellants either to vacate the premises or to purchase the land.

Appellants brought this suit seeking a declaration that the conveyance from T & O to F & H was void, that F & H did not own title, and that F & H was not entitled to force appellants off the land. F & H counterclaimed, asking the court for a declaration that it is both fee simple owner of the three tracts of land and appellants' landlord. Both sides sought summary judgment, F & H moving not only on the declaratory grounds stated, but also in trespass to try title, seeking to dispossess appellants from the property.

The court granted F & H's motion for summary judgment, sustaining its claim in trespass to try title, and declaring F & H's right to immediate possession of the premises, its ownership of the Mullino and Rule Co–Op properties and improvements in fee,[1] and its capacity as lessor of all properties. The court further ordered appellants to vacate and surrender the properties, leaving all fixtures and improvements intact.

### III. Discussion

#### A. Estoppel

■ The general, well-established rule is that a tenant cannot dispute its landlord's title while in possession under that landlord. *See, e.g., Lorino v. Crawford Packing Co.,* 142 Tex. 51, 175 S.W.2d 410, 415 (1943). In other words, a tenant is estopped to deny its landlord's title or to claim adversely to the landlord, and it is immaterial whether the landlord had title at the time the lease was entered. *See Rockport Shrimp Coop. v. Jackson,* 776 S.W.2d 758, 760 (Tex.App.—Corpus Christi 1989, writ denied). The tenant, having reaped all the benefits from the lease agreement, may not dispute the authority of the person from whom those benefits are derived. *See Lorino,* 175 S.W.2d at 417. A tenant is also estopped from denying the title of those who suc-

---

1. F & H acknowledges and the trial court found that the original deed to the railroad from Air–Ag's predecessor-in-interest conveyed a fee simple determinable that reverted automatically to the landowner once the land ceased to be used for railroad purposes. Hence, F & H does not claim title to that particular tract, but contends—and the trial court found—it is entitled to *possession* of that tract pursuant to its ownership of the lease.

ceed to the original lessor's title "because it is the title under which the tenant enters that relates to the estoppel and not the individual owner of the title." *Rockport,* 776 S.W.2d at 760.

■ Appellants concede that if this general rule applies, the trial court's declaration of F & H's right to possession of all three tracts and its right to title in the Rule Co-op and Mullino tracts may be sustained. Nonetheless, appellants contend in their first issue that one or both of two exceptions to this general rule apply. We disagree.

■ Appellants cite two cases for the proposition that the general rule does not apply when the purpose of the suit is not only to recover possession, but to establish title. *See Lorino,* 175 S.W.2d at 417; *McKie v. Anderson,* 78 Tex. 207, 14 S.W. 576, 576 (1890). Appellants argue that because the purpose of their suit (and F & H's counterclaim) is to establish both title and possession, this exception applies here. This argument fails for two reasons.

■ First, appellants do not claim title in themselves. For the exception to apply, the tenant must *itself* claim superior title over the landlord. *See McKie,* 14 S.W. at 577 (stating it is incumbent upon the tenant to prove a superior title with which it is connected); *Rockport,* 776 S.W.2d at 761 ("The exception permits a tenant of one who has no title to acquire the superior title and show title in itself."). A tenant holding a mere leasehold estate cannot claim a right to the exception because "superior title must be in the tenant itself." *Rockport,* 776 S.W.2d at 761. Attornment to a third party, even if the third party has a title superior to the landlord's title, does not affect the tenant's relationship with the original landlord, or entitle the tenant to deny or dispute its original landlord's title. *See id.*

This exception is necessarily narrow, for otherwise it would swallow the rule. The estoppel rule prevents a tenant from taking its landlord to court by alleging superior title in a third party whose interests are primarily at stake. Understandably, the first exception allows the tenant to bring the action when the tenant itself is claiming superior title, i.e., when the *tenant's* interests are primarily at stake.

Second, not only do appellants not claim to hold superior title, they do not claim to be connected to anyone who does. As we discuss below, appellants argue the disputed land automatically reverted back to adjoining landowners upon abandonment of the railroad right-of-way. However, appellants have not produced evidence that they hold valid leases of that land with those landowners. Rather, the record shows that F & H holds valid leases authorizing it to regain possession of the tracts upon 30 days' written notice. Hence, even if F & H holds no title—and even if appellants are permitted to challenge F & H on that basis—appellants have made no showing that they have a greater right to possession of the disputed land than F & H. Because appellants neither claim title in themselves nor show why they are entitled to possession, the first exception does not apply.

■ Appellants then point to a second exception to the estoppel rule, citing a single case for the proposition that the rule does not apply when there has been a change in the status of the landlord's title while the tenant has been in possession. *See Lorino,* 175 S.W.2d at 417. Of course, this exception would only apply in this case to the Air–Ag lease, as that is the only tract originally granted to the railroad in fee simple determinable; that is the only tract that reverted back to the adjoining landowner, i.e., the only instance where the status of the title *changed,* upon abandonment of the railroad.[2] Nevertheless,

2. Appellants argue that railroads are incapable of owning title in fee simple absolute, that F & H thus never owned the tracts, and that

the tenants of the Rule Co-op and Mullino tracts should therefore also be permitted to use this second exception to challenge F &

we hold the exception does not apply to the Air–Ag tract.

Initially, we note this "exception" appears in *Lorino* as a quote from Corpus Juris and did not in any way affect the outcome of that case. *See id.* Indeed, the court could not even conclude the appellees were tenants because there had been no finding on that issue by the trial court; hence, the estoppel rule was itself largely irrelevant in that case. *See id.*

■ Appellants have cited—and we have found—no case applying this exception to permit a tenant to challenge its landlord's title. We therefore approach the matter as one of first impression and hold that the exception would only apply if the alleged "change in status of the landlord's title" resulted in a superior title in the challenging tenant. The rationale for such limitation is the same as for the first exception discussed above, namely: only when the tenant itself can claim title does it have an interest in disproving its landlord's title. *Cf. Elizondo v. Texas Natural Resource Conservation Comm'n,* 974 S.W.2d 928, 932 (Tex.App.—Austin 1998, no pet.) (holding party having no ownership interest in land lacked standing to bring action); *Marburger v. Seminole Pipeline Co.,* 957 S.W.2d 82, 89–90 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) (holding husband who had no ownership interest in his wife's separate real property did not have standing to contest validity of easement over land).

· In this case, appellants in possession of the Air–Ag tract acquired no ownership interest in the land as a result of the reversion to the adjoining landowner upon abandonment of the rail. Again, they are mere tenants. Thus, they may not rely on the second exception to challenge the title of F & H, their landlord.

H's title. As discussed below, we do not address this question. However, we note for the purposes of this second exception that even if appellants are correct, the tenants of the Rule Co-op and Mullino tracts could not

Because no exception applies, we apply the general rule to all appellants and hold they are estopped from challenging F & H's title. We overrule appellants' first issue.

In their second issue, appellants argue that because F & H is a business corporation and not a railroad company or franchise, it may not own an abandoned railroad right-of-way. We read this as a direct challenge to F & H's title and because we have already held appellants are estopped from such a challenge, we overrule appellants' second issue.

In their fourth issue, appellants contend that material fact issues remain regarding F & H's claim of title and that the trial court's entry of summary judgment against them constituted reversible error. Once again, however, because, as a matter of law, appellants cannot challenge F & H's title, appellants can raise no material issues of fact regarding that title. We overrule appellant's fourth issue.

## B. Abandoned Rails

■ In their third issue, appellants argue T & O (and therefore F & H) never owned the tracts of land in fee simple because railroad rights-of-way may *only* be held in easement or fee simple determinable, reverting back to the adjoining landowners upon abandonment of the rail. However, the adjoining landowners, who under this argument would claim title, are not parties to this suit. Appellants, as mere tenants of the tracts, have no justiciable interest in asserting title in absent third parties; thus this court has no jurisdiction to consider this argument. *See Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 443 (Tex.1993) (holding standing is a component of subject matter jurisdiction); *El T. Mexican Restaurants, Inc. v. Bacon,* 921 S.W.2d 247,

use the second exception. For, if F & H never held *any* title, then it could not be said that the status of its title "changed" during the tenants' possession.

249 (Tex.App.—Houston [1st Dist.] 1995, writ denied) (stating that standing is a party's justiciable interest in the suit). F & H, as assignee of the lease agreements, is seeking possession of the tracts pursuant to the terms of those leases, and appellants make no allegation that F & H's actions are in violation of those lease terms. Because appellants have no standing to dispute title to the land and because they do not dispute F & H's ownership of the leases, we overrule appellants' third issue.

## IV. Conclusion

Appellants, as tenants, are estopped from challenging the title of F & H, their landlord. Therefore, their issues regarding F & H's capacity to own title and any remaining issues of fact regarding F & H's title must fail. Further, appellants, as tenants, lack standing to assert title in an absent third party. Having overruled appellants' four issues, we affirm the judgment of the trial court.