In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00009-CV


______________________________




GORDON C. BOYCE, Appellant



V.



JOHN MACKOY, Appellee




 


On Appeal from the County Court at Law


Lamar County, Texas


Trial Court No. 68663




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Gordon C. Boyce appeals from a default judgment entered for Raymond Cain in this
obstructed-easement case. After entry of judgment, John Mackoy purchased Cain's land; he is the
substituted Appellee. Boyce raises eight points of error. Although the parties did not raise or brief
the issue, our own review of the record reveals that the trial court did not render a final, appealable
judgment and that we do not have jurisdiction over the appeal. 

 Unless otherwise statutorily authorized, an appeal may be made only from a final judgment.
See Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1997), § 51.014 (Vernon Supp. 2006);
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). The decree granting a permanent
injunction is a final judgment and "must dispose of all parties and issues raised by the pleadings and
evidence the same as final judgments in other civil actions." 44 Tex. Jur. 3d Injunctions § 146
(2005) (footnotes omitted). A final judgment is one that disposes of all parties and all issues in a
lawsuit. Schlipf v. Exxon Corp., 644 S.W.2d 453, 454 (Tex. 1982); see also Kubala Public
Adjusters, Inc. v. Unauthorized Practice of Law Comm., 133 S.W.3d 790, 794 (Tex.
App.--Texarkana 2004, no pet.). 

 The typical presumption that a judgment not intrinsically interlocutory in character--
rendered and entered in a case regularly set for a conventional trial on the merits and with no order
for a separate trial of issues--will be presumed final does not apply to default judgments. See
Houston Health Clubs v. First Court of Appeals, 722 S.W.2d 692 (Tex. 1986) (citing Teer v.
Duddlesten, 664 S.W.2d 702, 704 (Tex. 1984)); Baker v. Hansen, 679 S.W.2d 480, 481 (Tex. 1984);
PHB, Inc. v. Goldsmith, 539 S.W.2d 60 (Tex. 1976). Contra N.E. Ind. School Dist. v. Aldridge, 400
S.W.2d 893, 897-98 (Tex. 1966) (for the presumption of finality after trial on merits). The finality
of a judgment is determined on its face by the language of the judgment for purposes of appeal. 
Lehmann, 39 S.W.3d at 199.

 The order at issue is styled "Final Judgment." It is rendered on the petition pleading for
temporary injunction, permanent injunction, and damages. (1)
 The order defines certain obstructions
currently on the (undefined) easement and then states: 

 IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that
Defendant, GORDON C. BOYCE, within thirty (30) days of the signing by the Court
of this judgment, remove all fences, structures and anything or matter that in any
manner obstructs the easement owned by Plaintiff, RAYMOND CAIN herein. 

 Should the said GORDON C. BOYCE fail to remove all obstacles within 30
days of the signing of this judgment, IT IS ORDERED that RAYMOND CAIN is
granted judgment in the amount of $1,500.00 to pay for removal of all such
obstructions on and over the easement and GORDON C. BOYCE is ORDERED not
to in any manner or means to [sic] interfere with such removal.

 Subsequent to the expiration of the thirty (30) day period above, should
RAYMOND CAIN not be allowed by the Defendant, GORDON C. BOYCE to
remove the obstructions or should the Defendant, GORDON C. BOYCE interfere
with such removal, IT IS ORDERED that Plaintiff, RAYMOND CAIN shall recover
the sum of $100.00 per day from the Defendant, GORDON C. BOYCE, for each day
that such obstructions remain on and over the easement preventing Plaintiff,
RAYMOND CAIN to access his property.

The order also provides for Boyce's payment of costs and fees. The order does not include a "Mother
Hubbard" clause or other language indicating an intent to dispose of all issues not otherwise
addressed. 

 The judgment does not enjoin Boyce's placement of future obstructions across the easement
that would restrict Cain's access to his property. (2) By only addressing the current situation and not
enjoining future acts of obstruction, the purported final judgment does not dispose of all claims
presented. As such, it is not final. 

 Neither do we have jurisdiction over the appeal as an appealable interlocutory temporary
injunction. (3) The jurisdiction of a court of appeals is invoked by timely filing documents showing
a bona fide intent to appeal. See Verburgt v. Dorner, 959 S.W.2d 615, 616 (Tex. 1997). In an
accelerated appeal, such as an appeal of an interlocutory order, the notice of appeal must be filed
within twenty days after the judgment is signed. See Tex. R. App. P. 26.1(b), 28.1. Boyce did not
file his notice of appeal within twenty days of the signing of the order.

 Once a court determines that it has no jurisdiction, its only legitimate choice is to dismiss. 
State v. Morales, 869 S.W.2d 941, 949 (Tex. 1994). We have no jurisdiction over this appeal as an
appeal of either a final judgment or interlocutory temporary injunction.

 Accordingly, we dismiss this appeal for want of jurisdiction.





 Jack Carter 

 Justice


Date Submitted: September 26, 2007

Date Decided: October 5, 2007 


1. The petition, which was the active pleading at time of judgment, sought both the removal
of the current obstruction and for the court to "permanently enjoin the Defendant from restricting
access by the Plaintiff to his property." It asked the court to permanently enjoin Boyce "from placing
the fence across the easement to the Plaintiff's property for all time."

2. At oral argument, Appellee's counsel suggested that the $100.00 a day clause of the order
constitutes the permanent injunction. We disagree. First, that clause governs interference with
removal of the and such obstructions, which grammatically refers to those obstructions elsewhere
mentioned, i.e., the obstructions in place at the time of judgment. Second, even if the $100.00 a day
clause could be read to govern the placement of future obstructions, it is only effective on some
future events or contingencies, namely, the expiration of thirty days and Boyce's interference with
Cain's attempts at removal. "A judgment that is to become effective only upon the happening of
some future event or contingency is ordinarily not a final judgment." Mackie v. Mackie, 571 S.W.2d
379, 380 (Tex. App.--Texarkana 1978, writ dism'd).
3. "Though appellate review is generally limited to final judgments, a court of appeals may
consider an interlocutory order that grants a temporary injunction. Thus, whether jurisdiction was
conferred on the court of appeals depends on whether the trial court's order can properly be
characterized as a temporary injunction." Del Valle Indep. Sch. Dist. v. Lopez, 845 S.W.2d 808, 809
(Tex. 1992) (internal citations omitted); see also Qwest Commc'ns Corp. v. AT&T Corp., 24 S.W.3d
334, 336 (Tex. 2000).