

# NUMBER 13-23-00308-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF M.R.T., A CHILD

**On appeal from the County Court at Law
of Burnet County, Texas.**

## MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña
Memorandum Opinion by Justice Tijerina**

This appeal is from a decision in a suit affecting the parent-child relationship concerning M.R.T. Appellee is M.R.T.'s mother. Appellant is M.R.T.'s father who challenges the trial court's "Order Denying Relief," signed on October 21, 2021.[1] By what we construe as two issues, appellant contends that the trial court failed to conduct a hearing on his motion to modify child support, and the trial court's erroneous dismissal of

---

[1] To protect the identity of the minor children, we refer to the parents as appellant and appellee. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(a).

his motion to modify "is arbitrary, unreasonable and/or it is executed without reference to guiding rules or principles." We dismiss the appeal.

## I.  APPLICABLE LAW

Generally, appeals may be taken only from final judgments. *See City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Appellate courts have jurisdiction to consider appeals of interlocutory orders only if a statute explicitly provides for such an appeal. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *see City of Watauga*, 434 S.W.3d at 588; *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

If a trial court's judgment requires future action by the trial court to settle the entire controversy, then the judgment is not final for purposes of appeal. *Wagner v. Warnasch*, 295 S.W.2d 890, 892 (Tex.1956). Moreover, a judgment leaving issues in the case open for later decision is interlocutory and not appealable. *Hall v. City of Austin*, 450 S.W.2d 838 (Tex. 1970); *Beavers v. Beavers*, 651 S.W.2d 52, 53 (Tex. App.—Dallas 1983, no writ). "To be final a judgment must determine the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy." *Wagner*, 295 S.W.2d at 892.

## II.  PERTINENT FACTS

Appellee filed a motion for enforcement requesting that the trial court to order appellant to pay his child support arrearages and to hold appellant in civil contempt and criminal contempt of court for failing to pay the full amount of previously confirmed child

support arrearages and failing to pay medical support. Appellee also requested attorney's fees. Subsequently, appellant filed a motion to modify child support and a jury demand for the civil and criminal contempt of court allegations.

On October 5, 2021, the trial court held a hearing on the motion to enforce and motion to modify child support, which it limited to whether to impose civil contempt, whether to modify the child support amount, and whether to award attorney's fees. At the hearing, appellant argued that his change in employment status alone entitled him to modification of the amount of child support. The trial court instructed appellant to provide authority to support such a conclusion.

On October 21, 2021, the trial court signed the "Order Denying Relief," finding that a change in employment status did not "qualify as a material and substantial change in circumstances supporting a modification of this Court's prior order," and it denied appellant's motion for temporary order in a suit to modify the parent child relationship. In the order, the trial court stated the following:

> IT IS ORDERED that the *Motion for Temporary Order in Suit to Modify Parent-Child Relationship* is DENIED and no hearing may be set on that motion.
>
> . . . .
>
> IT IS FURHTER ORDERED that [appellant] submit to this Court any mandatory authority case law which holds that a change in employment status alone has been found to be a material and substantial change in circumstances sufficient to support a modification of this Court's prior order.
>
> IT IS FURTHER ORDERED that [appellant] submit said case law any time before 5:00PM on October 29, 2021.
>
> IT IS FURTHER ORDERED that if [appellant] timely submits said case law that he may set a temporary order hearing where this Court will consider

3

the said case law as well as reconsider [appellant]'s *Motion for Temporary Order in Suit to Modify Parent-Child Relationship*.

IT IS FURTHER ORDERED that if [appellant] fails to timely submit mandatory authority case law which holds that a change in employment status alone has been found to be a material and substantial [change] sufficient to support a modification of this Court's prior order, that [appellant]'s *Petition to Modify Parent-Child Relationship* is DENIED.

In the event that [appellant]'s Petition to Modify Parent-Child Relationship is DENIED and DIMISSED for the reasons stated above, IT IS ORDERED that all relief requested in the modification proceeding and not expressly granted is DENIED, and that this Order finally disposes of all parties and all claims and is appealable.

On November 9, 2021, the trial court signed an order holding appellant in contempt for failure to pay child support, granting judgment, and for commitment to county jail. In it, the trial court again stated:

All relief requested, by [appellee's] *Motion for Enforcement of Child Support Order*, with the exception of [appellee's] request [appellant] be held criminal contempt, and by [appellant's] *Motion for New Trial and/or Motion for Reconsideration* which has not been expressly granted herein is denied. This Court has expressly reserved the issue of criminal contempt as set forth above.

This judgment, which we have also determined is not final, did not address appellant's motion for temporary order in a suit to modify the parent-child relationship.

On July 13, 2023, the Clerk of the Court sent a letter to appellant stating that "it appears there is no final, appealable order," and informed appellant that he needed to take steps to correct the defect, if he was able to do so. In addition, the letter stated that appellant had ten days to cure such defect, or the appeal would be dismissed. Appellant has not responded to the clerk's directives.

4

### III.   DISCUSSION

Although the order states that it is a final judgment, it does not conclusively dispose of all issues in the case because it is contingent on future events. *Mackie v. Mackie*, 571 S.W.2d 379, 380 (Tex. App.—Texarkana 1978, writ dism'd). Specifically, it states that appellant's motion would be denied *only if* appellant "failed to timely submit mandatory authority case law which holds that a change in employment status alone has been found to be a material and substantial [change] sufficient to support a modification of this Court's prior order," and that in the event that the trial court denies and dismisses appellant's petition to modify the parent-child relationship then, "IT IS ORDERED that all relief requested in the modification proceeding and not expressly granted is DENIED, and that this Order finally disposes of all parties and all claims and is appealable."

The order clarifies that the petition will only be denied if appellant fails to timely submit authority that a change in employment status alone is enough to compel the trial court to modify child support. The record does not reflect whether appellant complied with that contingency. The order further sets out that it becomes final only "in the event that" the trial court denies and dismisses appellant's petition.

"A judgment that is to become effective only upon the happening of some future event or contingency is ordinarily not a final judgment." *Mackie*, 571 S.W.2d at 380, 380; *Dodd v. Daniel*, 89 S.W.2d 494, 495 (Tex. App.—Waco 1935, no writ); *Rockport Shrimp Co-op v. Jackson*, 776 S.W.2d 758, 761 (Tex. App.—Corpus Christi–Edinburg 1989, writ denied) ("[I]t is improper to make a judgment conditional upon the happening of some future event or contingency . . . ."); *see also Hale v. Hale*, No. 04-05-00314-CV, 2006 WL

5

166518, at *4 (Tex. App.—San Antonio Jan. 25, 2006, pet. denied) (mem. op.). "The judgment must conclude the dispute so that no further questions will arise requiring judicial determination." *McCormick Operating Co. v. Gibson Drilling Co.*, 717 S.W.2d 425, 426 (Tex. App.—Tyler 1986, no writ).

Here, there is nothing in the record showing that the trial court dismissed appellant's petition. Thus, the trial court's denial of appellant's petition would become final upon the happening of some future event, namely that appellant failed to comply with the timeframe of providing additional authority and on further action by the trial court, namely dismissing appellant's petition.

## IV. CONCLUSION

Accordingly, we conclude that the Order Denying Relief is not final because the trial court did not dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy. *See Wagner*, 295 S.W.2d at 892. We dismiss the appeal for lack of jurisdiction.

JAIME TIJERINA
Justice

Delivered and filed on the
3rd day of August, 2023.

6